# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. DONALD RAY SACHS

### Appeal from the Circuit Court for Bedford County
### No. 16658    Forest A. Durard, Jr., Judge

_____

### No. M2016-00054-CCA-R3-CD – Filed July 11, 2016

_____

The Appellant, Donald Ray Sachs, appeals the trial court's denial of his motion for a reduction of sentence. Because the Appellant's motion was not timely filed, the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

M. Wesley Hall IV, Unionville, Tennessee, for the appellant, Donald Ray Sachs.

Herbert H. Slatery III, Attorney General and Reporter, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Appellant, *pro se*, appealed the denial of his motion to reduce his sentence. *See* Tenn. R. Crim. P. 35. Appellate Counsel was appointed and the record has been filed. Appointed counsel now moves this Court to withdraw pursuant to Court of Criminal Appeals Rule 22, having concluded "after a conscientious examination of the entire record and applicable law" that this appeal is frivolous under *Anders v. California*, 386 U.S. 738 (1967). The Appellant did not to respond to counsel's motion and the time for doing so has now expired. *See* Court of Criminal Appeals Rule 22(E). Having reviewed the entire record on appeal, including counsel's motion to withdraw and the accompanying *Anders* brief, the Court agrees that this appeal is frivolous.

The record reflects that the Appellant pled guilty to first degree murder on May 18, 2009, for which he received a life sentence. The Appellant filed his motion to reduce his sentence on November 23, 2015. Concluding that the Appellant's life sentence is specifically authorized by statute and cannot not be reduced, the trial court denied the motion on the merits. The court did not address the timing of the motion. However, Rule 35(a) states that a motion for a reduction of sentence must be filed within 120 days after sentence is imposed. Tenn. R. Crim. P. 35. The rule further states that no extensions of time shall be allowed and that no other actions shall toll the time limitation. *Id.* The Appellant in this case did not file his motion before the expiration of the 120-day deadline. Thus, the trial court should have dismissed the Appellant's motion as untimely. *See, e.g. State v. Sabrina Howard*, No. W2014-02309-CCA-R3-CD, 2015 WL 8334629 (Tenn. Crim. App. Dec. 9, 2015) (trial court lacks jurisdiction to consider untimely filed motion to reduce sentence).

For this reason, the order of the trial court denying the Appellant's motion for a reduction of sentence is hereby affirmed pursuant to Court of Criminal Appeals Rule 20. Furthermore, counsel's motion to withdraw is hereby granted. As directed by Rule 22(F), the Court hereby notifies the Appellant that he has the right to file a *pro se* application for permission to appeal to the Supreme Court within sixty days. *See* Tenn. R. App. P. 11. Because the Appellant was declared indigent, costs are taxed to the State.

_____
ROBERT W. WEDEMEYER, JUDGE

2